## HEZEKIAH A. COOK *vs.* ELISHA DYER, JUN., *et al.*

### BENJAMIN HALL *et ux. vs.* THE SAME.

Testamentary provision as follows : —

" *Sixteenth:* I give to Sarah Ann Cook, in trust for her grandson, Hezekiah Anthony Cook, the sum of ten thousand dollars, to have and to hold the same in trust for the use and benefit of the said Hezekiah Anthony Cook, with power to manage, invest, and reinvest the same, and to pay over to him from time to time the income thereof, and also with power to transfer and pay over to him said money at such times and in such parts as she may deem most for his interest.

" *Seventeenth:* I give, devise, and bequeath to Sarah Ann Cook, in trust for Helen Cook, widow of Enos A. Cook, the sum of five thousand dollars, and also the house and land where said Enos A. Cook formerly lived, on Almy Street, in Fall River, Commonwealth of Massachusetts ; to have and to hold the same to her, the said Sarah Ann Cook, her heirs, executors, and administrators, for the use and benefit of Helen Cook, widow of Enos A. Cook, her heirs, executors, and administrators, with power to manage the same generally, and, if need be in her opinion, to sell the same and reinvest the proceeds thereof, and with power to change the investment thereof whenever in her opinion it shall seem best, and with power also to convey said real estate to her, her heirs and assigns at any time when she may think proper, and with power to pay over to her said money or any part thereof, according to her discretion. . . .

" *Twenty-second:* . . . In all cases where I have given property in trust for the use and benefit of other persons, and have not specially provided for its disposition on their decease, my will is that the trustee holding such property shall on such decease pay and convey the same in fee simple, discharged of all trusts, to the persons who by the laws of the State of Rhode Island would inherit it had the persons for whose benefit it was so given died seized and possessed thereof in fee."

*Held*, that both the sixteenth clause and the seventeenth were modified by the twenty-second, and that Hezekiah A. Cook and Helen Cook took equitable life estates.

BILLS IN EQUITY to construe a will, and to enforce the payment of legacies.

The will of Hezekiah Anthony, late of Providence, proved before the Probate Court of the city of Providence, Jan. 22, A. D. 1884, is as follows : —

KNOW ALL MEN BY THESE PRESENTS :

That I, Hezekiah Anthony, of the city and county of Providence and State of Rhode Island, being of sound and disposing mind and memory, do make and publish this my last will and testament, hereby revoking and annulling all former wills by me at any time heretofore made, and declaring this and this only to be my last will and testament, in manner following, that is to say : —

*First :* I direct my executors hereinafter named, as soon as may be after my decease, to pay all my just debts and funeral expenses and the expenses of my last illness, also the expense of improving my burying lot at Swan Point Cemetery and erecting to my memory a suitable monument.

*Second :* I give, devise, and bequeath to the Chestnut Street Methodist Church of Providence, Rhode Island, the sum of one thousand dollars.

*Third :* I give to the Hope Street Methodist Church, of said Providence, the sum of five hundred dollars.

*Fourth :* I give to the South Somerset Methodist Church, in Somerset, Commonwealth of Massachusetts, the sum of two hundred and fifty dollars.

*Fifth :* To the Somerset Methodist Church in said Somerset, the sum of two hundred and fifty dollars.

*Sixth :* To the Rhode Island Hospital in the city of Providence, aforesaid, the sum of one thousand dollars.

*Seventh :* To the Providence Association for the Benefit of Colored Children (sometimes called The Shelter), in said Providence, the sum of five hundred dollars.

*Eighth :* I give to the Home for Aged Women, in said Providence, the sum of five hundred dollars.

*Ninth :* I give to Nancy A. Dyer, wife of Elisha Dyer, Jun., in trust for his son, Hezekiah Anthony Dyer, twenty shares of the capital stock of the Boston and Providence Railroad Company, thirty shares of the capital stock of the Chicago, Burlington, and Quincy Railroad Company, twenty shares of the capital stock of the National Bank of Commerce in said city of Providence, and four thousand dollars in money, to have and to hold the same in trust for the use and benefit of the said Hezekiah Anthony Dyer, with the right and power to manage the same and care for the same

generally, and to sell and transfer the same or any part thereof for the purpose of reinvestment, and generally with the power to change the investment thereof at any time when in her discretion it shall seem best, and also with the right and power to transfer the same in whole or in part to him according to her discretion, provided that no such transfer shall be made until he has reached the age of twenty-one years.

*Tenth:* I give to the Home for Aged Men, in said Providence, the sum of five hundred dollars.

*Eleventh:* I give to Elisha Dyer, 3d, son of Elisha Dyer, Jun., the sum of two hundred dollars.

*Twelfth:* I give to George R. Dyer, son of Elisha Dyer, Jun., the sum of two hundred dollars.

*Thirteenth:* I give to Nancy A. Dyer, wife of Elisha Dyer, Jun., the sum of five thousand dollars.

*Fourteenth:* I give to Jane A. Harris, wife of Reverend George Harris, now of Andover, Commonwealth of Massachusetts, the sum of ten thousand dollars.

*Fifteenth:* I give to William Viall Chapin, of the city, county, and State of New York, in trust for his mother and for his sisters, the sum of three thousand dollars; to have and to hold the same in trust for the use and benefit of his said mother, Fanny V. Chapin, and of his sisters Maria B. and Mary A. Chapin, with power to manage the same generally, and generally to use the same, and to invest and reinvest the same and the income thereof, for the use of his said mother and sisters in such way and manner as he may deem best, and with power to pay over to them or to either of them said money, either in whole or in part, and in such parts and proportions to each as he may think best for their interest and happiness.

*Sixteenth:* I give to Sarah Ann Cook, in trust for her grandson, Hezekiah Anthony Cook, the sum of ten thousand dollars, to have and to hold the same in trust for the use and benefit of the said Hezekiah Anthony Cook, with power to manage, invest, and reinvest the same, and to pay over to him from time to time the income thereof, and also with power to transfer and pay over to him said money at such times and in such parts as she may deem most for his interest.

*Seventeenth:* I give, devise, and bequeath to Sarah Ann Cook,

in trust for Helen Cook, widow of Enos A. Cook, the sum of five thousand dollars, and also the house and land where said Enos A. Cook formerly lived, on Almy Street, in Fall River, Commonwealth of Massachusetts; to have and to hold the same to her, the said Sarah Ann Cook, her heirs, executors, and administrators, for the use and benefit of Helen Cook, widow of Enos A. Cook, her heirs, executors, and administrators, with power to manage the same generally, and, if need be in her opinion, to sell the same and reinvest the proceeds thereof, and with power to change the investment thereof whenever in her opinion it shall seem best, and with power also to convey said real estate to her, her heirs and assigns, at any time when she may think proper, and with power to pay over to her said money or any part thereof, according to her discretion.

*Eighteenth:* I give, devise, and bequeath one third part of all the rest, residue, and remainder of my estate, real, personal, and mixed, and wherever situate, of which I shall die seized and possessed, or shall be in any way entitled to, at the time of my decease, to Sarah Ann Cook, her heirs, executors, administrators, and assigns, forever.

*Nineteenth*: I give, devise, and bequeath one other third part of said rest, residue, and remainder of my estate aforesaid to Jane A. Eames, her heirs, executors, administrators, and assigns, forever.

*Twentieth:* I give, devise, and bequeath one ninth part of said rest, residue, and remainder of my estate aforesaid to Nancy A. Dyer, aforesaid, her heirs, executors, administrators, and assigns, forever.

*Twenty-first:* I give, devise, and bequeath one ninth part of said rest, residue, and remainder of my estate aforesaid to Jane A. Harris, aforesaid, her heirs, executors, administrators, and assigns, forever.

*Twenty-second:* I give, devise, and bequeath one ninth part of said rest, residue, and remainder of my estate aforesaid to Elisha Dyer, Jun., aforesaid, his heirs, executors, and administrators, in trust for the support of Mary Eliza Anderson and her son Hamlet; to have and to hold the same to him, his heirs, executors, and administrators, in trust for the use and benefit of the said Mary Eliza Anderson and her son Hamlet, their heirs, executors, and administrators, in manner following: He shall invest, and reinvest if necessary, the same, and keep it as safely invested as he can; and after paying all expenses incident to the management thereof,

including a reasonable compensation to himself for his services, he shall, so long as the said Mary Eliza shall live, apply the income thereof to her support, and to the support and education of her said son Hamlet, in such way and in such proportion as he may think proper. After the decease of the said Mary Eliza, her said son Hamlet being under twenty-one years of age, he shall pay and convey in fee simple in equal shares to Nancy A. Dyer and Jane A. Harris aforesaid, their heirs and assigns, forever, discharged of all trusts, all of said property over and above seven thousand dollars, but shall hold seven thousand dollars, should there be so much of said property remaining in his hands, in trust for the support and education of the said Hamlet, until he arrives at the age of twenty-one years, with the right and power to use, according to his discretion, the same or the income thereof, or both, for said purposes ; and on his becoming twenty-one years of age he shall pay over and convey the same, or so much thereof as is then in his hands, to the said Hamlet, his heirs and assigns, in fee, discharged of all trusts. In case said Hamlet should not be alive at the death of the said Mary Eliza, he shall then pay over and transfer said property to the persons who would by the laws of descent in the State of Rhode Island inherit the same from the said Mary Eliza had she died seized and possessed thereof in fee. In all cases where I have given property in trust for the use and benefit of other persons, and have not specially provided for its disposition on their decease, my will is that the trustee holding such property shall on such decease pay and convey the same in fee simple, discharged of all trusts, to the persons who by the laws of the State of Rhode Island would inherit it had the persons for whose benefit it was so given died seized and possessed thereof in fee.

I hereby nominate and appoint George Harris of Andover, Commonwealth of Massachusetts, and Elisha Dyer, Jun., aforesaid, to be the executors of this my last will and testament, and request that they be exempt from giving any bond or returning any inventory of my said estate, and from rendering an account to the Court of Probate.

In testimony whereof I have hereunto set my hand and seal, in the city of Providence aforesaid, this seventeenth day of November, A. D. 1883.

　　　　　　　　　　　　　　HEZEKIAH ANTHONY. [L. S.]

Signed, sealed, published, and declared by the said Hezekiah Anthony as and for his last will and testament, in the presence of us, who at his request, and in his presence and in the presence of each other, have hereunto set our names as witnesses, the day and year above written.

BENJAMIN N. LAPHAM.
MARY ANN KELLY.

I, Hezekiah Anthony, of the city and county of Providence, do hereby make and publish this codicil to my last will and testament in manner following, that is to say : —

WHEREAS in my said will I gave to the Chestnut Street Methodist Church of Providence the sum of one thousand dollars, and to the Hope Street Methodist Church of said Providence the sum of five hundred dollars, and whereas I have since ascertained that the corporate names of said churches are, " Trustees of Chestnut Street Methodist Episcopal Church," and " The Trustees of Hope Street Methodist Episcopal," I therefore now affirm and make the gifts and bequests above named to said churches by their respective corporate names; and whereas I have given to the South Somerset Methodist Church in Somerset, Commonwealth of Massachusetts, the sum of two hundred and fifty dollars, and to the Somerset Methodist Church in said Somerset the sum of two hundred and fifty dollars, and whereas these may not be the exact corporate names of said churches, I now affirm said gifts and bequests to said churches by whatever name they may be known or called, and I hereby order this my codicil to be annexed to and form a part of my last will and testament to all intents and purposes.

In testimony whereof I have hereunto set my hand and seal, in the city of Providence, this twentieth day of November, A. D. 1883.

HEZEKIAH ANTHONY. [L. S.]

Signed, sealed, published, and declared by the said Hezekiah Anthony as and for a codicil to his last will and testament, in the presence of us, who at his request and in his presence and in the presence of each other, have hereunto set our names as witnesses, the day and year above written.

BENJAMIN N. LAPHAM.
MARY ANN KELLY.

*July* 12, 1890. DURFEE, C. J. These cases involve a construc-

tion of the will of the late Hezekiah Anthony as regards the three following clauses thereof, viz : —

*Clause* 16 : " I give to Sarah Ann Cook, in trust for her grandson, Hezekiah Anthony Cook, the sum of ten thousand dollars, to have and to hold the same in trust for the use and benefit of the said Hezekiah Anthony Cook, with power to manage, invest, and reinvest the same, and to pay over to him from time to time the income thereof, and also with power to transfer and pay over to him said money at such times and in such parts as she may deem most for his interest."

*Clause* 17 : " I give, devise, and bequeath to Sarah Ann Cook, in trust for Helen Cook, widow of Enos A. Cook, the sum of five thousand dollars, and also the house and land where said Enos A. Cook formerly lived, on Almy Street, in Fall River, Commonwealth of Massachusetts ; to have and to hold the same to her, the said Sarah Ann Cook, her heirs, executors, and administrators, for the use and benefit of Helen Cook, widow of Enos A. Cook, her heirs, executors, and administrators, with power to manage the same generally, and, if need be in her opinion, to sell the same and reinvest the proceeds thereof, and with power to change the investment thereof whenever in her opinion it shall seem best, and with power also to convey said real estate to her, her heirs and assigns, at any time when she may think proper, and with power to pay over to her said money or any part thereof, according to her discretion."

*Part of Clause* 22 : " In all cases where I have given property in trust for the use and benefit of other persons, and have *not specially provided* for its disposition on their decease, my will is that the trustee holding such property shall on such decease pay and convey the same in fee simple, discharged of all trusts, to the persons who by the laws of the State of Rhode Island would inherit it had the persons for whose benefit it was so given died seized and possessed thereof in fee."

Said Sarah Ann Cook, after accepting the trusts created by said sixteenth and seventeenth clauses, died leaving a will, which has been duly admitted to probate. The defendants are the executors of her will. Said Hezekiah Anthony Cook, who is complainant in the first named of these two cases, and said Helen Cook, now

Helen Hall, wife of Benjamin Hall, who with her husband is complainant in the second named, claim that they are respectively entitled under said clauses to the entire equitable interest or estate in the property thereby bequeathed or devised, and ask that the defendants, as executors as aforesaid, may be decreed to transfer it to them accordingly. The defendants contest their claim. We are asked now to determine what interests or estates said Hezekiah and Helen have respectively under said clauses.

We think there can be no doubt that said Hezekiah has the entire equitable interest in the property bequeathed by said sixteenth clause, if the clause is to be taken by itself, since the property, being personal, passes absolutely, without words of inheritance or representation, unless the bequest is qualified. We think it is not to be so taken, but that it must be taken and construed together with the twenty-second clause; for although, if taken by itself, it would dispose of the entire equitable interest, it would do so implicitly, not by any disposition *specially provided* therefor. The correctness of this view is confirmed by the fact that there are only four clauses in the will besides the sixteenth that constitute bequests in trust, two of which are similar in form to the sixteenth, and the other two, the seventeenth being one, add to the names of the equitable legatees words of inheritance or representation, so that to say that the twenty-second clause does not apply to the sixteenth is tantamount to saying that it does not apply to any clause of the will. If we bring the two clauses together, so that one shall modify the other, the result is in effect this, namely, a bequest of ten thousand dollars to Sarah Ann Cook in trust for the use and benefit of said Hezekiah, with power to her as given therein, and after his decease, in trust to pay and convey the same, or what remains of the same, to the persons who would inherit it from him if he died the absolute owner of it. Such a bequest would be unambiguous. Under it said Hezekiah would take only an equitable life interest in the ten thousand dollars bequeathed, unless the trustee, in the exercise of the discretionary power bestowed upon her, should give him more ; the remainder going at his death to his then heirs or next of kin. We think the sixteenth clause, as modified by the twenty-second, amounts to such a bequest.

The next question is, whether the devise and bequest of the

seventeenth clause are to be treated in the same way. If we bring the seventeenth and twenty-second clauses into union with one another, the result is a devise and bequest of the property specified in the seventeenth to Sarah Ann Cook, her heirs, executors, and administrators, in trust for Helen Cook, now Helen Hall, her heirs, executors, and administrators, with power in the trustee to dispose of said property or any part of it for the benefit of said Helen, and, after the decease of said Helen, in trust to pay and convey the same, or what remains thereof, to the persons who would inherit it from her if she died the absolute owner of it. The two clauses, instead of coalescing, exhibit an irreconcilable repugnancy, owing to the words of inheritance and representation that are added to said Helen's name. The question naturally arises whether the disposition of the property given in trust by the seventeenth clause, after said Helen's decease, is not, within the meaning of the twenty-second clause, *specially provided for* by those words. We are of opinion, after carefully considering the question, that it must be answered in the negative. The words are words of limitation merely, not of testamentary disposition. Their office is to declare explicitly what would be understood without them, namely, that the entire property is given beneficially to the equitable donee.

To get at the mind of the testator, we may look into other parts of the will. The twenty-second clause gives one ninth of the residuary estate in trust for Mary Eliza Anderson and her son Hamlet, *their heirs, executors, and administrators*, and provides that the trustee shall, so long as said Mary shall live, apply the income to her support, and to the support and education of her son, in such way and proportions as he thinks proper, and after her decease, her son being under twenty-one, *shall convey all said property over $7,000 in equal shares and in fee to Nancy A. Dyer and Jane A. Harris*, and hold said $7,000 for the support and education of said Hamlet, using principal as well as income if he sees fit, and, on said Hamlet's arrival at the age of twenty-one, pay what is left over to him, and if said Hamlet does not survive his mother, then that the trustee *shall transfer said trust estate to the persons who would inherit it if she died the absolute owner.* The clause indicates that the testator used the words "heirs, executors, and administrators" very indefinitely, and that, at any rate, he

did not regard them as words by which the disposition of the trust estates was specially provided for after the decease of the persons for whose benefit they were the more immediately given. The provision immediately precedes the concluding part of the twenty-second clause, and deserves the more attention from its proximity to it. Moreover, the sixteenth and seventeenth clauses, taken by themselves, however they would be legally construed so taken, contain indications that, in the mind of the testator, neither Helen Cook nor Hezekiah Anthony Cook was expected to take more than the income, unless the trustee, in the exercise of her discretion, should appropriate more to them. And, regarding the two clauses by themselves in that light, there seems to be no reason for supposing that said Helen was intended, by reason of the words of inheritance and representation added to her name, to have any fuller title than said Hezekiah, who was a great-grandson and namesake of the testator.

Our decision is, that the seventeenth as well as the sixteenth clause is affected by the twenty-second, and that therefore said Helen has only an equitable life estate in the property given or held in trust under it.

*David S. Baker, Jun.*, for complainants.

*James M. Ripley & Joseph C. Ely*, for respondent.